IN THE COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

March 30, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| IN RE: | ) | E1999-00194-COA-R3-CV |
| ESTATE OF LILLIE MAE | ) | |
| PORTER. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | APPEAL AS OF RIGHT FROM THE |
| | ) | LOUDON COUNTY PROBATE COURT |
| | ) | |
| APPLICATION OF ATTORNEYS | ) | |
| MARY KATHERINE LONGWORTH | ) | |
| and PEGGY J.S. MONGER, FOR | ) | |
| FEES AND EXPENSES, | ) | |
| | ) | HONORABLE WILLIAM H. RUSSELL, |
| Applicants-Appellants. | ) | JUDGE |

For Appellants

MARY KATHERINE LONGWORTH
PEGGY J.S. MONGER
Loudon, Tennessee

For Appellees Ted L. Porter and
Shirley Porter Wheeler

JESS D. CAMPBELL
Campbell & Dawson
Knoxville, Tennessee

For Appellee Estate of John Kerley

RUFUS W. BEAMER, JR.
Knoxville, Tennessee

O P I N I O N

1

This case involves an application in probate for the fees and expenses of attorneys Mary Katherine Longworth and Peggy J.S. Monger ("the Attorneys") arising out of their representation of Thomas S. Harvey, the former executor of the Estate of Lillie Mae Porter ("the Estate"). Being dissatisfied with the probate court's award, the Attorneys appealed. For the reasons stated herein, we vacate the judgment of the lower court and remand for further proceedings.

We are faced with a dispute regarding attorney's fees and expenses allegedly incurred in connection with the administration of the Estate. Ms. Porter's 1990 will appointed attorney Edwin H. Arnold executor of the Estate. A 1993 codicil to that will removed Arnold as executor and designated Ms. Porter's son, Thomas S. Harvey ("the Proponent") to serve in his place. The Proponent employed the Attorneys to represent the Estate. There were two lawsuits, one in circuit court and one in chancery court, and many proceedings, including a prior appeal, touching upon the validity and efficacy of testamentary documents allegedly signed by Ms. Porter. Ultimately, a jury in circuit court found the 1990 will valid, but determined that the 1993 codicil was invalid. The Proponent was removed as executor of the Estate and Arnold qualified to administer the Estate.

When the Attorneys moved in the instant case to recover their fees and expenses from the Estate, beneficiaries under the

1990 will[1] -- Ted L. Porter, Shirley Porter Wheeler, and John Kerley, who are the two stepchildren and brother respectively of Ms. Porter (collectively "the Contestants") -- objected to their application. After a bench trial, the court below awarded the Attorneys $32,000, which is only a portion of the requested amount, and taxed half of the award to the Estate and the other half to the Proponent individually. The Attorneys appeal, raising what are essentially two issues:

> 1. Did the probate court err in failing to award the Attorneys their entire claim of $41,986?

> 2. Did the probate court err in taxing only half of the award to the Estate?

The appellees, Ted L. Porter, Shirley Porter Wheeler, and the Estate of John Kerley,[2] raise an issue on appeal, questioning whether the Attorneys can pursue a direct claim against the Estate.

## I. *Background*

On September 14, 1990, Ms. Porter purportedly executed her last will and testament. The will was prepared by a Loudon, Tennessee, law firm. When probated, it was accompanied by an affidavit of attestation prepared contemporaneously with the will. Under the provisions of the 1990 will, the Proponent was

---

[1]Ted L. Porter and Shirley Porter Wheeler are also beneficiaries under the 1993 codicil.

[2]During the course of this litigation, John Kerley died, and his estate was substituted in his place.

3

to receive certain real property, and the remainder of the Estate was to be divided as follows: 20% to the Proponent; 20% to Ted L. Porter; 25% to Shirley Porter Wheeler; 25% to John Kerley; and 2.5% each to Ms. Porter's four step-grandchildren. As previously indicated, attorney Edwin H. Arnold was designated as executor of the Estate under the 1990 will.

On September 9, 1993, Ms. Porter allegedly executed a codicil to the 1990 will. The 1993 codicil does not change the disposition of the real property to the Proponent, but does modify the division of the remainder of the Estate. The Proponent's share increases from 20% to 50%. The share of Shirley Porter Wheeler decreases from 25% to 20%, and John Kerley's share is eliminated. The codicil does not change the bequests to Ted L. Porter and the step-grandchildren. The codicil substitutes the Proponent, in place of Arnold, as the executor of the Estate. The codicil was also accompanied by an affidavit of attestation by the witnesses to that instrument.

Ms. Porter died in November, 1993. The Proponent, as executor under the 1993 codicil, offered the 1990 will and the 1993 codicil for probate. The Contestants filed a contest as to both instruments. On April 20, 1995, the Probate Court certified the will contest to circuit court for trial.

Initially, the Proponent retained the services of attorney Peter Alliman. The Proponent then retained attorney James Harvey Stutts for a brief period of time. The claimants now before us first met with the Proponent on or about April 26,

1995.  They were substituted as counsel for the Estate in place of Stutts on July 10, 1995.

While it is not entirely clear in the record before us, it appears that the Contestants raised three issues in the will contest: (1) whether the 1990 will was invalid due to undue influence and whether Ms. Porter's signature was forged to the 1993 codicil; (2) whether a prior will executed in 1975 and codicils executed thereto in 1980 and 1984 were lost or spoliated testamentary documents; and (3) whether the wills and codicils executed in the 1970s by Ms. Porter and her late husband were mutual and contractual, thereby rendering Ms. Porter's 1990 will and 1993 codicil invalid.  Since, the latter two issues are inappropriate for a will contest in circuit court, two of the Contestants filed suit regarding these matters in chancery court in November, 1995.  In addition to suing the Estate, the plaintiffs in that action sued the Proponent personally, alleging that the Proponent caused Ms. Porter to change the designation on certain certificates of deposit shortly before her death, thereby diminishing the assets of the Estate.  The will contest in circuit court was postponed pending the outcome of the case in chancery court.

In the chancery court suit, the Proponent defended himself individually and the Attorneys represented him in his capacity as executor of the Estate.  The suit against the Proponent individually was voluntarily dismissed.  The Chancellor dismissed the plaintiffs' claims against the Estate at the close of their proof, finding that they failed to establish a lost or

5

spoliated will and that they had failed to establish the existence of a contract between Ms. Porter and her late husband. This decision was affirmed by this Court, and the Supreme Court denied permission to appeal.

Upon conclusion of the chancery court action, the will contest case moved forward. The Attorneys deposed several individuals, including Velva and Howard Wilson, the two witnesses to the execution of Ms. Porter's purported 1993 codicil, and Sam Jones, the attorney who prepared it. The Attorneys also assert that they retained the services of a forensic document examiner who was expected to testify that the signature on the 1993 codicil was that of Ms. Porter.

For reasons not disclosed in the record before us, the Proponent terminated the services of the Attorneys on or about December 15, 1997, and the Attorneys withdrew from the will contest case on February 12, 1998. The Proponent proceeded in that litigation without the assistance of counsel. The jury found that the 1990 will was valid, but held that the 1993 codicil was invalid. The court then entered a judgment on March 13, 1998, declaring the 1993 codicil invalid -- "null and void *ab initio*" -- and declaring the 1990 will valid. Accordingly, the Proponent was removed as executor of the Estate and Arnold was appointed in his place.

On October 23, 1998, the Attorneys filed a "Motion to Set Attorney's Fees" in probate court, seeking $41,986 in fees and expenses. In support of their motion, they attached an

6

itemized statement of services rendered and expenses. The Contestants filed objections to the Attorneys' request for fees and expenses.

A hearing was held in Probate Court on December 17, 1998. On April 23, 1999, that court awarded the Attorneys $32,000, taxing half of that amount to the Estate.[3] The court made no specific findings of fact.

Pursuant to the provisions of Rule 24(c), T.R.A.P., the Attorneys filed a Statement of the Evidence on July 23, 1999. The Statement reflects 17 pieces of evidence, including affidavits, depositions, pleadings in the chancery court case, the final judgment in the will contest case, the 1993 codicil and accompanying affidavit of attestation, and the brief filed by the Attorneys in the earlier appeal.

According to the Statement of the Evidence, the depositions of Velva Wilson, Howard Wilson, and Sam Jones were offered into evidence at the hearing on the Attorneys' fee and expense request and were accepted as such by the court without objection from the Contestants. Additionally, the Statement of the Evidence indicates that counsel for the Contestants, while arguing that the Proponent and not the Estate should be responsible for the fees and expenses, agreed that the sums requested by the Attorneys were reasonable.

_____

[3]The other half was taxed to the Proponent individually; however, it is not clear from the record whether the Proponent was served with a copy of the Attorneys' motion. In any event, this portion of the court's judgment is not at issue on this appeal. However, if the Proponent was not properly made a party to the fee application proceeding, we doubt that the award against him has any validity.

7

On July 30, 1999, counsel for the Contestants filed an objection to the Attorneys' Statement of the Evidence. They asserted (1) that it was improper to include the aforesaid depositions in the record, and (2) that though they agreed that the Attorneys' hourly rate was reasonable and did not question the number of hours actually expended, they did contend that many of these expended hours were unnecessary. In addition, they argued that the services rendered by the Attorneys were primarily for the benefit of the Proponent, not the Estate, and therefore the Proponent should be responsible for the payment of these fees. On September 3, 1999, the probate court certified that the Statement of the Evidence as submitted by the Attorneys was correct. *See* Rule 24(e), T.R.A.P. ("Absent extraordinary circumstances, the determination of the trial court [as to the accuracy of the record] is conclusive.")

## II. *Standard of Review*

In this non-jury case, our review is *de novo* upon the record. Rule 13(d), T.R.A.P.; *Wright v. City of Knoxville*, 898 S.W.2d 177, 181 (Tenn. 1995); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). Because the probate court made no specific findings of fact, there is nothing in this record to which the presumption of correctness can attach. *See Kelly v. Kelly*, 679 S.W.2d 458, 460 (Tenn.Ct.App. 1984). Thus, on our *de novo* review, we must ascertain, if at all possible, what facts

8

are supported by the preponderance of the evidence. *Ganzevoort v. Russell*, 949 S.W.2d 293, 296 (Tenn. 1997).

## III. *Analysis*

### A.

Before addressing the issues raised by the Attorneys, we must first analyze the issue raised by the Contestants, *i.e.*, whether the Attorneys can pursue a direct claim against the Estate for fees and expenses allegedly earned and incurred in the representation of the Proponent in his capacity as executor.

The Contestants rely upon T.C.A. § 30-2-606 (1984), which provides as follows:

> The clerk shall charge every such accounting party with all such sums of money as he has received, or might have received by using due and reasonable diligence, and shall credit him with a reasonable compensation for his services, and with such disbursements as he supports by lawful vouchers.

They also cite our decision in the case of *In re Estate of Wallace*, 829 S.W.2d 696 (Tenn.Ct.App. 1992). In *In re Estate of Wallace*, we said that

> "[w]hen [executors] retain counsel, they are personally liable for the fees until a court determines that the services were required and that the fee was reasonable. If a court approves the fee, the executor may charge it back against the estate as one of the costs

9

of administration under [T.C.A. § 30-2-606]." *Id.* at 703 (citing *State ex rel Dahlberg v. American Sur. Co.*, 121 S.W.2d 546 (Tenn. 1938)). Estate funds may only be used to pay for legal fees if (1) the services were required; (2) the services were for the benefit of the estate rather than for the benefit of one or more of the interested parties; and (3) the amount of the requested fee is reasonable. *Id.* "Requiring the executor to request that legal fees be paid from the estate is more than a procedural technicality. It recognizes that the executor is, in the first instance, liable for the fees and that the estate is only secondarily liable. It also recognizes that by requesting that the fees be paid from the estate, the executor certifies that the fees were, in the executor's opinion, required and reasonable." *Id.* at 704.

We do not question the authority of T.C.A. § 30-2-606 (1984) and the precedential value of *In re Estate of Wallace*. In the typical case, it is the executor who should pursue the court's approval of his or her attorney's fees and expenses. However, we do not believe that this general rule is a bar to the Attorneys' application in the instant case. Here, for unknown reasons, the Proponent discharged the Attorneys. Then, to make matters worse for him, he defended himself in the will contest case. He was not successful. All of this history is calculated to produce less than friendly feelings toward the Attorneys in the mind of the Proponent. Under the unique circumstances of this case, we believe it is appropriate for the Attorneys to pursue their application for fees and expenses directly against the Estate. If either side wishes to make the Proponent a party to this dispute or secure his testimony on the issues pertaining to this claim, procedures for doing same are in place. The Contestants' issue is found adverse to them.

10

B.

The Attorneys have raised what are essentially two issues: (1) whether the probate court erred in awarding them only a portion of their requested fees and expenses; and (2) whether the probate court erred in taxing only half of the award to the Estate. The Attorneys argue that they are entitled to the entire amount requested and that the Estate should be responsible for it *in toto*. The Contestants argue that the fees and expenses are excessive and that the Estate should not be required to pay them because they were rendered exclusively for the benefit of the Proponent individually.

The following principles govern the resolution of this case: One who is named as an executor in a will has a legal duty "to offer the will for probate and to take the necessary steps, including the employment of counsel, to resist a contest and to sustain the will...." *In re Estate of Taylor*, 388 S.W.2d 657, 660 (Tenn.Ct.App. 1963). One who fulfills this duty in good faith is entitled to costs and attorney's fees. *Smith v. Haire*, 181 S.W. 161, 162 (Tenn. 1915). This is true even if the will is ultimately found to be invalid. *Id.* An attorney who has assisted an executor who has propounded a will in good faith is entitled to reasonable fees and expenses against the estate. *See Love v. Cave*, 622 S.W.2d 52, 57 (Tenn.Ct.App. 1981).

The determination of the reasonableness of fees and expenses requested by an executor is generally within the discretion of the trial court, *In re Estate of Wallace*, 829

S.W.2d at 700-01, and "must be made in light of all the relevant circumstances, including the extent of the executor's responsibilities, the nature of the services rendered, the promptness and adequacy of the services, and the value of the benefits conferred." *Id.* at 701.

As a general proposition, an executor who is the primary beneficiary of a will and who is responsible for procuring the will by fraud or undue influence is not entitled to costs or fees. *Haire*, 181 S.W. at 162. However, "a case may arise in which the jury would find fraud and undue influence with enough evidence to require an approval of such a verdict by the court, and yet there might be in such a case circumstances that would justify the attempted probate of the will in good faith." *Id.* at 162-63.

As to the Attorneys' fees and expenses incurred in connection with the propounding and defending of the 1990 will and 1993 codicil, the question that must be decided is whether executor Harvey was acting in good faith when he attempted to probate these two instruments and thereafter defended their validity in the will contest case. Regrettably, we are unable, on the record before us, to make this determination with any certainty.

Because the hearing on the Attorneys' application for fees and expenses was not transcribed, we may only consider as evidence in this case that which is contained in the Attorneys' Statement of the Evidence which was approved by the probate

12

court. The ground upon which the jury in the will contest found the codicil to be invalid is particularly relevant to the question of whether the Proponent propounded the codicil in good faith. There are only two documents in the Statement of the Evidence that even remotely address this question. One is non-evidentiary in nature. That is the Estate's brief in the appeal of the chancery court suit. It mentions, in passing, that two of the Contestants "claimed, among other things, that the Codicil was a forgery and that the Will was obtained through the undue influence of [the Proponent]." Second, the circuit court's final judgment in the will contest states that the jury found as follows:

> 1. The Last Will and Testament of Lillie Porter dated September 14, 1990...is the valid Will of the said Lillie Porter.
>
> 2. The Codicil to the Last Will and Testament of Lillie Porter dated September 9, 1993...is not a valid Codicil and is void ab initio.

Conspicuously absent from the record now before us is anything, such as pleadings, detailing the precise issues that were litigated in the will contest case. Was the alleged undue influence of the Proponent only charged with respect to the 1990 will and not as to the 1993 codicil? If the 1993 codicil was forged, who allegedly forged it? Was the forgery the work of the Proponent or was it done by another without the Proponent's knowledge? These questions all have a bearing on the legal effect of the judgment in the will contest case on the instant case. There are no definitive answers to the questions posed -- questions that obviously bear upon the issue of whether the

Proponent propounded and defended these instruments in good faith.

Specifically, the Statement of the Evidence does not address, to our satisfaction, the question of whether the jury in the will contest found that the Proponent wrongfully procured the execution of the 1993 codicil. There is, however, a strong suggestion in the non-evidentiary documents in the record -- both those authored by the attorneys for the appellants and those authored by the attorneys for the appellees -- that the issues in the will contest were, *inter alia*, (1) whether the will was procured through the undue influence of the Proponent; and (2) whether the codicil was forged by someone who is otherwise unidentified. Additionally, many of the Contestants' arguments seem to be premised upon the assumption that the jury found that the Proponent was somehow involved in the circumstances surrounding the invalidity of the 1993 codicil. There is, however, no *evidence* reflecting that the jury, either expressly or by clear implication, found that the Proponent forged the codicil or otherwise wrongfully procured its execution. Without more, the most we can now deduce from the jury's verdict is that the 1990 will was *not* procured through the undue influence of the Proponent and that the 1993 codicil is not the valid testamentary document of Ms. Porter *for some reason.*

We are of the opinion that, in order to do complete justice, this case must be remanded to the probate court under the authority of T.C.A. § 27-3-128 (1980), which provides as follows:

14

> The court shall also, in all cases, where, in
> its opinion, complete justice cannot be had
> by reason of some defect in the record, want
> of proper parties, or oversight without
> culpable negligence, remand the cause to the
> court below for further proceedings, with
> proper directions to effectuate the objects
> of the order, and upon such terms as may be
> deemed right.

The record before us simply does not contain sufficient information relevant to the question of whether the Proponent propounded these testamentary documents, particularly the 1993 codicil, in good faith. This defect in the record prevents us from properly exercising our appellate jurisdiction.

On remand, the probate court must determine the critical issue of whether the Proponent acted in good faith in the will contest case. In this connection, it must decide, *if possible*, the following: (1) the issues in the will contest case; (2) the basis of the jury's finding that the 1993 codicil is invalid, when viewed in the context of the issues made in that case; and (3) the impact of the jury verdict in the will contest case upon the Attorneys' fee application, be that impact favorable or unfavorable. We hasten to add that we are not ordering a re-trial of the will contest. That we obviously cannot do. The judgment in that case is final and it is *res judicata* as to the issues in that case; however, the issue of good faith is still an open issue on the record now before us. That critical issue is for the probate court's determination on remand. The probate court should seek to ascertain, based upon a more complete record, the basis for the jury's finding that the 1993 codicil is invalid and the effect of this finding on the fee

15

and expense application of the Attorneys. For example, if the jury's verdict, when read in tandem with the pleadings in the will contest or, in the absence of pleadings, in connection with, the issues tried in that litigation, clearly reflects that the jury found that the Proponent forged the 1993 codicil, then it would follow that the Proponent did not propound the codicil in good faith. Such a finding would then require a review of the Attorneys' fee and expense application to determine, as far as possible, what portion of the Attorneys' services were rendered in connection with the Proponent's bad faith attempt to propound and defend the 1993 codicil. Such fees and expenses would not be chargeable against the Estate. The probate court would then have to excise those fees and expenses from the application and determine which of the remaining charges are appropriate charges against the Estate.

It is clear from the record before us that the Attorneys expended a considerable amount of time in their representation of Mr. Harvey; the Contestants admit as much. It is also clear that much of this work was unrelated to the propounding and defense of the 1993 codicil, which, it must be remembered, is the only instrument invalidated by the jury in the will contest case.[4] What is not clear at the present time is the

---

[4]If, as appears from the incomplete record before us, the 1990 will was propounded and defended in good faith, the Attorneys would be entitled to their fees and expenses incurred in connection with the 1990 will, regardless of the basis of the jury's verdict with respect to the 1993 codicil. However, if the jury's verdict with respect to the 1993 codicil is such as to persuade the probate court that the codicil was propounded and defended in bad faith, the probate court will have to apportion, in some equitable fashion, services performed by the Attorneys -- such as court time -- that impacted the propounding and defense of both instruments.

quantum of their work that is properly chargeable against the Estate.  Such a determination is for the probate court on remand.

The Court strongly suggests to the parties that they arrange for a court reporter to be present at the hearing on remand.  We encourage the probate court to make detailed findings following the hearing.

## IV. *Conclusion*

The judgment of the probate court is vacated and this case is remanded for further determinations consistent with this opinion.  Costs on appeal are taxed 50% to the appellants and 50% to the appellees.

_____
Charles D. Susano, Jr., J.

CONCUR:


_____
Houston M. Goddard, P.J.


_____
D. Michael Swiney, J.

17